preme Court, Kings County (Pesce, J.), both rendered March 21, 1984, convicting him of robbery in the first degree pursuant to indictment No. 439/83, and attempted robbery in the first degree pursuant to indictment No. 7083/83, upon his pleas of guilty, and imposing sentences.

Judgments affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf. People v Gonzalez,* 47 NY2d 606). Mangano, J. P., Gibbons, Weinstein, Eiber and Spatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN STREET, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mirabile, J.), rendered May 13, 1982, convicting him of sodomy in the first degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

The court did not abuse its discretion in denying the defendant's motion to withdraw his guilty plea under the circumstances of this case, which include a full plea allocution during which the defendant admitted his guilt and stated that he was freely and voluntarily entering his plea. Lazer, J. P., Bracken, Brown, Lawrence and Kooper, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL W. THOMAS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Santagata, J.), rendered July 30, 1981, convicting him of sodomy in the first degree (two counts), sexual abuse in the first degree (two counts), robbery in the third degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made to law enforcement officials.

Judgment affirmed.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress written and oral statements made by him while he was in custody at the police station. The evidence established that the Nassau County Police had no reason to know of the defendant's pending New York County case in which he was represented by counsel, until after the defendant made his statements *(see, People v Bertolo,* 65 NY2d 111, 119).

The claimed errors in the jury charge, all of which were unpreserved for appellate review, did not deprive the defendant of a fundamental constitutional right and we decline to exercise our interest of justice jurisdiction with respect thereto.

We have considered the defendant's remaining contentions and find them to be either unpreserved or without merit. Bracken, J. P., Brown, Weinstein and Spatt, JJ., concur.